Ingeaham. J.
— On the consent of all the parties, an order was entered “ that this action be referred to Hon. Theodore W. Dwight of the city of New York to hear and determine all the issues in the action.” Under this order the action was brought on for trial before the referee, the case for the plaintiff closed and, after the denial of a motion for a dismissal of the complaint, defendants proceeded with their defense.
Before the close of the defense defendants made this motion to remove the referee and vacate the order of reference, on the ground that the referee is so biased and prejudiced in favor of the plaintiffs and against the defendant Garrison, that he is not impartial, and cannot be impartial between the parties to the action, and that said referee is not capable of applying the well settled and indisputable principles of law or the ordinary rules of evidence to the facts proved before him.
The defendants, to support the allegations of bias and incapacity, set forth in their affidavits a great number of the rulings of the referee on the trial of the action before him, and claim that such rulings entitle defendant to the relief demanded. There is no allegation of any action of the referee showing any bias, prejudice or feeling on his part against defendant or in favor of plaintiff, except such as defendants claim can be gathered from the rulings and decisions referred to. All of the rulings complained of were made by the referee on questions arising on the trial of the action, and were among the questions referred to him by the order of reference.
The Code of Procedure has prescribed the method of trial before a referee, and has provided that, except in certain excepted cases, of which this is not one, the whole or any of the issues in an action must be referred upon the consent of the parties ; and where the stipulation names the referee, the clerk must enter an order of course, referring the issue or issues for trial to that person only.
The referee is then given substantially the same power as is given to a judge on the trial by the court without a jury, and provision is made for an appeal from judgment upon a trial *34 by a referee, in the same manner as upon the trial by the court without a jury.
It will be seen that these provisions have established a tribunal to a great extent independent of the court in which the action is pending, and founded on the consent of the parties to the litigation. It is a tribunal of their own choosing. The court has no voice in determining whether the case should be referred or in selecting the person to preside at the trial. If the court would not have had the power to choose the referee, where the stipulation of the parties named the person to whom the action shall be referred, it certainly would not be justified in vacating the order entered on such a stipulation, except upon proof of some act of the referee tending to show that some means or influence other than the evidence and argument adduced before him, have or will influence his decision.
That the court should “ guard with jealous watchfulness the rights of litigants to the unbiased judgments of a jury or referee ” should never be lost sight of. And any act of a referee which would give even the appearance of evil should ■be promptly rebuked. But nothing of that kind is claimed in this case.
As to the rulings referred to, as before stated, they are ■decisions of the questions which the parties have consented .■should be determined by the referee named. They selected him to decide such questions. The legislature has provided .a method of review if he has committed an error in his ■decisions, and I am of the opinion that the defeated party should be left to his remedy by appeal.
I have carefully abstained from intimating an opinion as to the correctness of the rulings complained of, presented as they :are on this motion. Without the whole evidence before me it would be impossible to form an intelligent opinion on the ■subject. It is only necessary to say that no misconduct of the referee has been shown, and I think I would not be justified an granting this motion.
The motion must therefore be denied, with costs.